﻿Citation Nr: AXXXXXXXX
Decision Date: 05/10/19 Archive Date: 05/10/19

DOCKET NO. 190301-3617
DATE: May 10, 2019

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded.

Entitlement to service connection for a skin condition, as due to in-service acne treatment, is remanded.

Entitlement to service connection for hypertension is remanded.

REASONS FOR REMAND

The Veteran served on active duty from December 1959 to November 1963.

The Board notes that the rating decision on appeal was issued in July 2018. In October 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). Specifically, the Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form.

In the February 2019 RAMP decision, the Agency of Original Jurisdiction (AOJ) presumed that new and relevant evidence had been received with respect each claim, warranting readjudication. The Board is bound by these favorable findings. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)).

1. Entitlement to service connection for bilateral hearing loss is remanded.

2. Entitlement to service connection for tinnitus is remanded.

The issues of entitlement to service connection for a bilateral hearing loss disability and for tinnitus are remanded to correct a duty to assist error that occurred prior to the rating decision on appeal. Specifically, the AOJ obtained negative nexus opinions that were inadequately supported or explained. Indeed, while the January 2017 VA examiner cited to normal hearing tests upon separation from service in support of a finding that no relationship exists between in-service noise exposure and post-service hearing loss and/or tinnitus, she failed to explain why, from a medical perspective, such normal test results are clinically significant, or how they inform the conclusion that current hearing loss or tinnitus is unrelated to in-service noise exposure. On remand, another nexus opinion should be requested.

3. Entitlement to service connection for a skin condition, as due to in-service acne treatment, is remanded.

The Veteran has been diagnosed with seborrheic dermatitis. See October 2017 VA Dermatology Consult. He asserts that his seborrheic dermatitis is the result of treatment he received for acne while on active duty service. See June 2018 VA Examination, August 2018 Notice of Disagreement. 

The issue of entitlement to service connection for a skin condition, as due to in-service acne treatment, is remanded to correct a duty to assist error that occurred prior to rating decision on appeal. The AOJ obtained a June 2018 VA examination and medical opinion. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s seborrheic dermatitis is due to the acne treatment he received while in-service. In the June 2018 medical opinion, the examiner initially noted that the Veteran was treated for his acne during service with UV light therapy, as well as with oral medication and lotion. While the examiner opined against a relationship between current skin problems an in-service UV light treatment, the examiner failed to discuss whether the Veteran’s current skin disability may be related to his other in-service acne treatments, to include oral medication and topical lotion. On remand, another nexus opinion should be requested.

4. Entitlement to service connection for hypertension is remanded.

The Veteran asserts that he was diagnosed with high blood pressure three months following separation from active duty service, and that the condition continually persisted to the present. See April 2018 Statement in Support of Claim. 

Service treatment records indicate that the Veteran had a blood pressure reading of 150/80 upon entrance examination in November 1959 and a reading of 124/76 upon separation examination in November 1963. No other blood pressure readings are documented in the Veteran’s service treatment records, and the Veteran specifically denied having experienced high or low blood pressure both upon entrance and separation from service. See the Veteran’s November 1959 and November 1963 Reports of Medical History respectively. Nonetheless, the Veteran is competent to report a doctor’s diagnosis of high blood pressure within one year following service. 

The issue of entitlement to service connection for hypertension is remanded to correct a duty to assist error that occurred prior to the rating decision on appeal. Specifically, it was noted in a May 2, 2017 VA treatment report that the Veteran presented to VA on that day to establish VA care, and that he had many outside doctors treating him for his various disabilities. Discussions about the Veteran’s prior medical history were noted at the time, and the VA physician specifically indicated a prior history of hypertension. By this report, the AOJ was on notice that potentially relevant private treatment records existed documenting prior care for several disabilities, to include hypertension. However, the AOJ did not request that the Veteran submit the records, or provide a release to VA so that VA could obtain such records on his behalf. As the record contains next to no documentation of treatment for the Veteran’s disabilities, to include hypertension, dated prior to 2017, the Board finds it particularly important that this request for records be made, especially in light of the Veteran’s assertions that he was diagnosed with high blood pressure within one year of discharge from service. On remand, a request for records should be sent to the Veteran in compliance with 38 C.F.R. § 3.159(e)(2). 

The matters are REMANDED for the following action:

1. Send the Veteran a letter requesting that he submit, or authorize VA to obtain on his behalf, all records of private treatment for his claimed disabilities, to specifically include hypertension. If the Veteran provides authorizations, all appropriate action to request and obtain the records should be performed. 

2. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s bilateral hearing loss disability and/or tinnitus at least as likely as not had onset in, or are otherwise related to his period of active duty service, to include in-service noise exposure. If normal in-service hearing test results have a bearing on the conclusion reached, the examiner should explain why, from a medical perspective, such results are clinically significant and how they inform the conclusion reached. 

3. Obtain an addendum opinion from an appropriate clinician as to whether the Veteran’s current skin condition (seborrheic dermatitis) had onset in, or is otherwise related to his active duty service, to specifically include any treatment for acne while on active duty service. The opinion should address the effects, if any, of all in-service acne treatments, which included UV light therapy, oral medications and lotion. If the opinion cannot be provided without an in-person examination, such should be scheduled.

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD L. Bristow Williams, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.